Criminal action in which defendant was tried under a bill of indictment charging him with the murder of one Glenn Riggs.
About midnight Saturday, 14 May, 1937, defendant and deceased were at a filling station near Winston-Salem. Several others were present at the time. The defendant had been drinking. The deceased suggested that the defendant chip in some money to buy a pint of whiskey. The defendant accused Riggs of trying to sponge off the crowd. Thereupon, words were exchanged, each man cursing the other. The defendant had his knife out; called deceased a foul name; appeared to be angry, and told deceased if he would come on the outside he would cut him up in little pieces. The proprietor of the station told them if they were going to fight they would have to get outside. He opened the door and told them to get out. The defendant went out first and the deceased went behind him. When the defendant got out and the deceased came by the door he opened his knife and jumped on Bryant's back and apparently cut him about his throat. Thereafter there was considerable scuffling between the two, during which the defendant stabbed or cut the deceased beneath the right armpit. The deceased bled profusely and died from loss of blood and internal hemorrhage.
On the same night prior to the killing Bryant had been seen under the influence of liquor at other places and heard to remark: "If anybody crosses my path I will cut his damn head off." At the time he had his knife open and said he had been whetting it. At another filling station after the attendant had refused to sell the defendant gas on credit the defendant, with his knife in his hand, seized the attendant by his clothes and said if he did not put the gas in the tank he would cut every damn button off his coat.
There was a verdict of "Guilty of manslaughter." From judgment pronounced thereon the defendant appealed.
The defendant relied upon the plea of self-defense and offered much evidence in support thereof, the substance of which is *Page 845 
recited in the opinion of this Court on the former appeal of this cause. S.v. Bryant, 213 N.C. 752. Likewise, testimony relied upon by the State not here given is also there detailed at some length. The defendant has been twice tried by a jury of his peers. Each time the jury has weighed his conduct and determined the credibility of the testimony relied upon by him to establish self-defense. In each case the jury has rejected the defendant's theory of the occurrence and has found him guilty of an unlawful killing. We fail to find in the exceptive assignments of error sufficient cause for awarding the defendant a third trial.
No error.